### BLADES *et ux.* v. WALKER.

Practice: SEVERANCE OF CAUSE OF ACTION. Orders of the court below made in connection with granting a motion for plaintiff to sever the causes of action united in his petition will not be disturbed unless a clear abuse of discretion is shown.

*Appeal from Decatur Circuit Court.*

FRIDAY, MARCH 21.

THE facts are sufficiently stated in the opinion.

*Warner & Post* and *J. W. Harvey* for the appellants.

*Warner & Bullock* and *J. B. Morrison* for the appellee.

Blades v. Walker.

MILLER, J. — The plaintiffs are husband and wife. At the February term, 1871, they filed a substituted petition in a joint action before that time brought by them, claiming $2,000 damages for slanderous words spoken by the defendant of and concerning Agnes Blades, the wife of her co-plaintiff. The causes of action are set forth in two counts of the petition.

The defendant answered, *first*, denying the facts alleged in the petition ; *second*, a cross-demand for money due on account for medical services; *third*, claiming damages for an alleged libel published by the plaintiffs of and concerning the defendant; *fourth*, a count claiming $2,000 for slanderous words spoken by plaintiffs of the defendant; also two other counts for other distinct slanders.

The plaintiffs, at the February term, 1872, replied, denying generally all the allegations of the answer. At the same term the defendant filed a motion to strike out one of the plaintiffs, because of a misjoinder of parties. On this motion the record discloses no action of the court; and at the same term an amended answer was filed setting up the fact of a misjoinder of parties plaintiff, to which the court sustained a demurrer. Subsequently and at the same term a jury was impaneled to try the issues, and the trial commenced. Whereupon the plaintiffs filed a motion to sever " because each of the plaintiffs have separate causes of action, and can, without injury to any of the parties, thus prosecute them ;" also stating other causes for the motion. The court sustained this motion, and ordered the jury dismissed, that plaintiffs should file within thirty days an amended and substituted petition in favor of one or the other, or of each of the plaintiffs, and if not filed within said time this cause to be considered dismissed, and that the defendant recover the costs of the term of the plaintiffs. To these orders the plaintiffs excepted and appeal.

Appellants by their motion asked the court to make an order allowing them to sever in their actions against the defendant, and claimed that the court had power to make the order under sections 3024, 3025 of the Revision. This is shown by the record. The latter section provides that " where there are several causes

of action united in a petition, or where in any controversy there are several issues, and the court shall be of opinion that all or any of them should be tried separately by the court or jury, it may direct such separate trial, and such trial may be had at the same, or at different terms of the court, as circumstances in the discretion of the court may require." In making the orders appealed from the court exercised the discretion vested in it by this section. No abuse of this discretion is shown, and therefore this court will not interfere with its exercise.

Whether there was error or not in the overruling of plaintiff's demurrer to the amended answer we need not determine, for if there was it was error without prejudice.

The orders of the circuit court will be

Affirmed.